**Ronald Michael BENTON,
Counter-Movant-Respondent,**

v.

**Joetta Elizabeth BENTON,
Movant-Appellant.**

**No. 11979.**

Missouri Court of Appeals, Southern District,
Division One.

Aug. 6, 1981.

John S. Pratt, Springfield, for movant-appellant.

William A. Wear, Blythe Crist-Brown, Springfield, for counter-movant-respondent.

FLANIGAN, Judge.

In October 1979 appellant Joetta Benton filed, in the Circuit Court of Greene County, Missouri, a motion to modify a prior custody decree, Sec. 452.410,[1] concerning her son Bradley Benton who was born February 2, 1972. Respondent Ronald Benton, father of Bradley and former husband of Joetta, filed a "Counter Motion to Modify."

The original decree awarded "custody" of Bradley to appellant but also provided, "[Respondent] shall have temporary custody of the minor child every Monday, Tuesday and Wednesday, and every other weekend." After hearing the evidence of both parties the trial court, sitting without a jury, modified the original decree by awarding principal custody of Bradley to respondent. Appellant was granted custody on alternate weekends and for two three-week periods during the summer. Appellant was given additional custody privileges with respect to certain holidays.

Appellant's first point is that the trial court lacked authority to modify the original decree so as to "transfer custody" to respondent because respondent's counter motion, in effect, denied that "a change has occurred in the circumstances of the child or his custodian." Sec. 452.410.[2]

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

2. Section 452.410 reads:

"*Custody decree, modification of, when.*— The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

Appellant's motion, as later amended, alleged, among other things, "that there have been changes in the conditions of the parties and the minor child" since the entry of the original decree. Respondent's "counter motion" alleged, "There have been no material changes in the conditions of the parties since the original decree was entered," but also stated, "Should the court find that the original decree provisions are not in the best interest of the child, which [respondent] denies, that it would be in the best interest of the child that the principal custody of the child be awarded to [respondent] with reasonable visitation rights in [appellant]. . . . That all of the complaints of [appellant] as set forth in her motion to modify, indicate that the best interest of the child would be served by awarding the principal custody to [respondent]."

 Technical rules as to pleadings should not prevent a decision on the merits where the welfare of a minor child is at stake. *In re Marriage of Cook*, 532 S.W.2d 833, 836 (Mo.App.1975). Additionally the evidence from *both* sides showed that the custody arrangements contained in the original decree had proved detrimental to Bradley, especially in his school work. Under the original decree, during the average 14-day period, respondent had custody of Bradley for 8 days and appellant had custody for 6 days. The modification served to increase respondent's custody and this increase was in accordance with the request contained in respondent's counter motion.

 There is authority of long standing to the effect that where the issue of custody has actually been tried [3] and submitted to the court by the parties, the court may award custody (assuming the requirements of Sec. 452.410 are satisfied) "even though no request has been made therefor by petition or motion." *Gianformaggio v. Gianformaggio*, 341 S.W.2d 293, 296 (Mo.App.1960). Further, "the courts have been inclined toward considerable liberality in construing the pleadings which involve the welfare of a child, and strict technicalities are swept aside . . .' and the welfare of the child is not to be decided upon any 'legalistic presumption' for the obvious reason that a child should not be permitted to suffer because of the ineptness of one lawyer or the acumen of another." *Garbee v. Tyree*, 400 S.W.2d 193, 197 (Mo.App.1966). Appellant's first point has no merit.

Appellant's second point is that the trial court lacked authority to modify the original decree so as to "transfer custody" to respondent because the amended decree fails to contain an express finding, in the language of Sec. 452.410, "that a change has occurred in the circumstances of the child or his custodian and that a modification is necessary to serve the best interest of the child." In the modified decree the trial court incorporated the contents of a memorandum opinion. The latter contained extensive factual recitals, supported by the record, which satisfy the requirements of Sec. 452.410.

Statutes which require than an order contain a recital of the jurisdictional facts must, of course, be obeyed and orders not so recited are invalid. See, for example, *D.E.J. v. G.H.B.*, 609 S.W.2d 472 (Mo.App. 1980) which involved Sec. 211.482 dealing with court orders terminating parental rights. That is not the situation here because Sec. 452.410 does not require that the modified decree contain a recital of the necessary findings.

Neither side invoked Rule 73.01(a)(2) dealing with requests for a "brief opinion containing a statement of the grounds for its decision," including, if requested by counsel, the court's "findings on such controverted fact issues as have been specified by counsel." That rule also provides, "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached."

 This court holds that the modified decree is not defective merely because it fails to contain an express recital "that a change has occurred in the circumstances of

---

**3.** See Rule 55.33(b) dealing with amendments of pleadings to conform to the evidence.

the child or his custodian and that the modification is necessary to serve the best interests of the child," where, as here, the evidence is sufficient to support those implied findings. See *Noland v. Noland*, 527 S.W.2d 696, 698[2] (Mo.App.1975). Appellant's second point has no merit.

Appellant raises other points. This court has reviewed all portions of the record on appeal and has lent careful consideration to the contents of the briefs. This court determines that the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence and that no error of law appears. A discussion of the other points would have no precedential value and the judgment, as to them, should be, and is, affirmed in compliance with Rule 84.16(b).

Judgment affirmed.

GREENE, P.J., and PREWITT, J., concur.

TITUS, J., not sitting.