Sue Ann PETTY, Petitioner–Appellant,

v.

Allen Carter PETTY, Respondent–Respondent.

No. WD 40449.

Missouri Court of Appeals, Western District.

Nov. 8, 1988.

Joseph DeCuyper, D. Bryant King, III, Kansas City, for petitioner-appellant.

Vincent Igoe, Patricia Hughes, Liberty, for respondent-respondent.

Before KENNEDY, C.J., and MANFORD and BERREY, JJ.

BERREY, Judge.

Sue Ann Petty appeals from a decree of dissolution of marriage wherein the trial court awarded custody of the two minor children born of the marriage to respondent, Allen Carter Petty. Appellant alleges that the trial court erred in granting custody to respondent as there was no substantial evidence to support the order and that the order was against the weight of the evidence.

The parties were married October 15, 1977, in Liberty, Missouri. They are the parents of two children, Brandon, born July 14, 1981, and Brett, born April 8, 1984. During the marriage the family lived on the family farm where Allen was self-employed as a farmer. Sue worked outside of

the home as a secretary. She usually worked from 8:00 a.m. to 5:00 p.m. Allen's hours varied seasonally and during the summer months he might work as late as 9:00 p.m. The children, therefore, spent a great deal of time with their maternal grandmother who acted as their babysitter.

During the last part of their marriage, Sue complained to Allen that he was staying away from home too much. Allen began spending more time at home and cut back his hours. He tried to keep the marriage together, offering to go to a marriage counselor or even to quit farming. Nevertheless, the parties separated in November, 1986, and the children resided with their mother.

Since the separation, the boys were with their father for six days out of every two weeks. He bathed them, dressed them, and generally took care of them during the time they spent with him. He took the boys to school and talked with their teachers. After Sue enrolled Brandon in school, Allen testified that he, "went up there and helped introduce Brandon to his teacher and showed him where the bathrooms were and where the busses where going to be coming and which room he was going to be going to."

Sue also took care of the children. She prepared their meals, took them to church, watched television and read books with them and worked with educational flash cards. Both parties presented testimony which shows them to be good, loving and caring parents.

In April, 1986, before the parties separated, Sue went on a trip to Hawaii with a man named Bill Bell. She lied to Allen about the trip, claiming that she was accompanying a female friend who had won the trip. At her deposition Sue lied again, claiming that she had taken the trip with her girl friend. During the dissolution proceedings she admitted that she had lied and that this was wrong, acknowledging that lying under oath was not an appropriate example to set for her children.

■ It is axiomatic that there is no rigid or mechanical formula for determining who should receive custody of children in a dissolution proceeding. The paramount consideration is that the decision be made in the best interest of the child. *R v. R*, 685 S.W.2d 598, 602 (Mo.App.1985), Section 452.375, RSMo 1986. On appeal, the findings of the trial court are controlling unless the appellate court is convinced that the welfare of the child requires that another disposition be made. *Fastnacht v. Fastnacht*, 616 S.W.2d 98, 100 (Mo.App. 1981). The appellate standard of review for court-tried cases under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), is applicable to determinations of custody. *R v. R, supra*, 685 S.W.2d at 601. Thus, the decision of the trial court must be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or if the trial court has erroneously declared or applied the law. *Murphy v. Carron, supra*, 536 S.W.2d at 32. Under this standard it is clear that the decision of the trial court must be affirmed.

■ An examination of the record reveals no abuse of discretion on the part of the trial court in its award of custody to the father. There is substantial evidence to support the award, showing that Allen is, and has been, a concerned and loving parent, amply qualified to take care of the boys. Appellant herself acknowledged that Allen was a good father and a good role model for the children. He cared for the children when they were with him during the separation, taking them to school, to swimming lessons, and sometimes taking them to work with him unless that work involved being on a tractor. He fixed breakfast for them and sometimes fixed their supper. He provides the boys with a good home on the farm, a three-bedroom remodeled farm house with space to play. Appellant's contention, that Allen's involvement with the boys is a recent development, is simply not supportable.

The parties were separated for over a year, from November, 1986, until the dissolution, which was tried December 14, 1987. Before the separation Allen's interaction with his sons can hardly be dismissed. It is true that he worked long hours on the farm. It is also true that he began to cut

back on this work after appellant complained and spent more time with the family, in an effort to keep it together. Appellant also worked outside of the home and the children spent almost every day with their maternal grandmother. A good environment and a stable home is considered to be the most important consideration in custody cases. *R v. R, supra,* 685 S.W.2d at 602. Allen provides this.

■ This is not to say that this is the only factor taken into consideration. Courts have also looked the "elementary virtues" to be imparted to a child. *R v. D,* 667 S.W.2d 41, 43 (Mo.App.1984). One of these virtues is, "honesty or at least reasonable candor as opposed to duplicity...." *Id.* Appellant lied to her husband about her trip to Hawaii and compounded this lie by lying under oath during her deposition. She acknowledges that lying under oath is not an appropriate example to set for her children.

■ Nor was the award of custody a punitive measure. Custody is not to be used as a reward or punishment of either parent, but must be based upon the best interests of the child. *Bashore v. Bashore,* 685 S.W.2d 579 (Mo.App.1985). The trial court clearly acted to take the best interests of Brandon and Brett into consideration. This decision was not in the nature of a punishment. Liberal visitation was granted to the mother. As there was substantial evidence to support it and as the decision of the trial court was not against the weight of the evidence, it must be affirmed.

JUDGMENT AFFIRMED.

All concur.