Timothy G. **SANDERS,**
Petitioner–Respondent,

v.

Kristen R. **SANDERS,** n/k/a, Kristen R. **Gerdes,** Respondent–Appellant.

No. 55457.

Missouri Court of Appeals,
Eastern District,
Northern Division.

May 23, 1989.

Robert Alan Zick, Washington, for respondent-appellant.

Glenn Allen Norton, Briscoe & B. Henderson, New London, for petitioner-respondent.

CRANDALL, Judge.

Kristen R. Sanders, n/k/a Kristen R. Gerdes (mother), appeals from the order of the trial court which changed primary custody of the couples' child from mother to Timothy G. Sanders (father). We affirm.

The marriage of the parties was dissolved on December 3, 1985. A daughter was born of the marriage on August 13, 1981. The decree of dissolution awarded primary custody to mother and liberal visitation rights to father.

In November 1987, father filed his motion to modify, seeking custody. After an evidentiary hearing in July 1988, the trial court changed primary custody to father and gave mother temporary custody at certain specified times.

 In her first point, mother asserts that the trial court erred in failing to make an express finding that the modification was necessary to serve the best interests of the child. See § 452.410, RSMo (1986).

After the hearing, the trial court issued its ruling from the bench. It is clear from the court's language that it considered the best interests of the child in arriving at its decision. The court stated, "The law says that we must do what is in the best interest of the child, and the [parents' interests] are totally secondary to that." In addition, § 452.410 does not require that the modified decree contain an express recital of the statutory language. See Benton v. Benton, 620 S.W.2d 433, 435–436 (Mo.App. 1981). Mother's first point is denied.

In her second point, mother contends that the evidence was not sufficient to justify the trial court's order modifying custody. Our review is guided by Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. Ware v. Ware, 647 S.W.2d 582, 584 (Mo.App.1983).

We have reviewed the record and find that there was substantial evidence in the record which supports a finding that there has been a substantial change in the circumstances of the child or of his custodian and that a change of custody would be in the best interests of the child. See § 452.410. Although there is evidence in the record which might support a different conclusion, the trier of fact has the right to reject that evidence and to believe other contradictory evidence. See Ware, 647 S.W.2d at 584. An extended opinion on this point would have no precedential value. Rule 84.16(b). Mother's second point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J. and GRIMM, J., concur.