**Teresa Ann GRIFFIN, Appellant,**

v.

**Charles Lee GRIFFIN, Respondent.**

**No. 16314.**

Missouri Court of Appeals,
Southern District,
Division One.

May 10, 1990.

1. The case was tried December 1, 1988.

Samuel P. Spain, Hyde, Purcell, Wilhoit, Spain, Edmundson and Merrell, Poplar Bluff, for appellant.

No appearance for respondent.

PER CURIAM.

This is an appeal by Teresa Ann Griffin ("appellant") from a decree dissolving her marriage to Charles Lee Griffin ("respondent"). Appellant's sole contention is that the trial court erred in awarding primary custody of the parties' two children—ages seven and four at time of trial [1]—to respondent and in granting appellant insufficient periods of temporary custody and visitation.

It is axiomatic that there is no rigid or mechanical formula for determining who should receive custody of children in a proceeding for dissolution of marriage. *Petty v. Petty,* 760 S.W.2d 555, 556 (Mo.App. 1988). The paramount consideration is the best interests of the children. § 452.375.2, RSMo Supp.1988; *Petty,* 760 S.W.2d at 556; *R___ v. R___,* 685 S.W.2d 598, 601–02[2] (Mo.App.1985).

The standard of review enunciated in *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976), applies to custody determinations. *Petty,* 760 S.W.2d at 556[2]; *R___,* 685 S.W.2d at 601[1]; *B___ v. L___,* 558 S.W.2d 738, 740 (Mo.App.1977). The decree of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneous-

ly declares the law, or unless it erroneously applies the law. *Murphy*, 536 S.W.2d at 32[1].

In the instant case appellant maintains that the provisions of the decree regarding custody and visitation are against the weight of the evidence.

We have carefully studied the 131–page transcript and the home study reports regarding appellant and respondent submitted to the trial court by social workers, mindful that where, as here, there is conflicting evidence regarding the relative fitness of the parents for custody, the resolution of conflicts and the determination of the credibility of the witnesses will be left to the trial court, and deference will be accorded its conclusions. *Sturma v. Sturma*, 674 S.W.2d 626, 627[2] (Mo.App.1984); *Johnson v. Johnson*, 628 S.W.2d 709, 713[2] (Mo.App.1982).

We have concluded that the provisions of the decree regarding custody and visitation are supported by substantial evidence and are not against the weight of the evidence. We have further concluded that no error of law appears and that an opinion detailing and discussing the evidence would have no precedential value. Accordingly, the decree is affirmed in compliance with Rule 84.16(b), Missouri Rules of Civil Procedure (1990).