Harold David McCORMICK, Petitioner–Appellant,

v.

Vicki Ann McCORMICK, Defendant–Respondent.

No. 17162.

Missouri Court of Appeals, Southern District, Division One.

April 26, 1991.

James E. Spain, Keith D. Sorrell, Spain, Merrell and Miller, Poplar Bluff, for petitioner-appellant.

Kenneth C. McManaman, Kathleen A. Wolz, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for defendant-respondent.

PREWITT, Judge.

The parties' marriage was dissolved on July 12, 1988, and appellant was awarded

primary custody of a three-year-old female child born of the marriage. In October of 1988, respondent filed a motion to modify the decree to give primary custody of the child to her. On August 17, 1990, appellant filed a motion to modify the decree seeking to limit respondent's "temporary custody and visitation". Following trial, respondent was granted primary physical custody.

Appellant's first point is dispositive. In it, he states the trial court erred in not appointing a guardian ad litem for the child under § 452.423.1, RSMo Supp.1988.[1] This section states in part that "[t]he court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged."

Included in appellant's motion to modify was the statement:

"(b) Respondent has failed and refused to protect said minor child resulting in the alleged sexual abuse and molestation of said minor child by the brother of Respondent while in the custody of Respondent."

The record contains evidence that the abuse occurred. Respondent nevertheless contends it was not necessary to appoint a guardian because appellant was ably represented by counsel and did not request the appointment of a guardian ad litem. Respondent also says appellant had no objection to the child visiting with the respondent as long as she be kept away from respondent's brother and emphasizes that appellant acknowledged she was not involved in the molestation.

Certain duties of the guardian are set forth by § 452.423.2, RSMo Supp.1988. It says the guardian ad litem is to:

(1) Be the legal representative of the child at the hearing, and may examine, cross-examine, subpoena witnesses and offer testimony;

(2) Prior to the hearing, conduct all necessary interviews with persons having contact with or knowledge of the child in order to ascertain the child's wishes, feelings, attachments and attitudes. If appropriate, the child should be interviewed.

Added by the amendment in 1990 to § 452.423.2, the guardian ad litem has the additional duty to:

(3) Request the juvenile officer to cause a petition to be filed in the juvenile division of the circuit court if the guardian ad litem believes the child alleged to be abused or neglected is in danger.

Whether the interests of the child might have been further protected by a guardian ad litem cannot be determined. However, it appears the requirement of appointing a guardian ad litem is mandatory where abuse is alleged and here it was alleged and testimony regarding it in the record. The statute appears to be clear and does not contain any exceptions. When a statute is without exception, courts should not create them. *Matter of A— F—,* 760 S.W.2d 916, 918 (Mo.App.1988).

It is error not to appoint a guardian ad litem even if not requested by the parties. *Leonard v. Leonard,* 783 S.W.2d 514, 516 (Mo.App.1990). See also *Hough v. Hough,* 794 S.W.2d 252 (Mo.App.1990); *In re Marriage of Lydic,* 762 S.W.2d 99, 101 (Mo.App.1988); *C.J.(S.)R. v. G.D.S.,* 701 S.W.2d 165, 169 (Mo.App.1985).

Respondent cites *T.C.H. v. K.M.H.,* 784 S.W.2d 281 (Mo.App.1989), stating it holds the "trial court is not required sua sponte to appoint a guardian ad litem for children in custody proceedings unless there is *evidence* of abuse or neglect." (emphasis by respondent) We fail to find that language in *T.C.H.* The court noted that when child abuse and neglect is alleged the court *shall* appoint a guardian ad litem (emphasis in opinion). However, in that case there was no allegation of abuse or neglect.

1. Section 452.423 was amended in 1990 by adding an additional duty for the guardian ad litem but otherwise the portions relevant here were unchanged. See § 452.423, RSMo Supp.1990. The previous version was in effect when appellant's motion to modify was filed and the present version when the case was tried on August 28 and 29, 1990. The court's decision was announced at the conclusion of the trial and formal judgment entered September 11, 1990.

*In re Marriage of B.*, 619 S.W.2d 91, 93 (Mo.App.1981), is cited by respondent for its statement that appointing a guardian ad litem is for the benefit of the child, not the parties. There, no request was made until after the trial and the appellant did not "suggest any purpose to be served by a guardian ad litem". *Id.* at 93. That case does not aid respondent. It did not involve § 452.423 and no purpose for the guardian ad litem was shown. Here, the purpose of the statute would be thwarted if a guardian ad litem was not appointed and the guardian ad litem conceivably could have presented evidence or developed other matter helpful to and in the best interest of the child.

We realize appellant's motion alleging abuse was filed only eleven days before the trial and the trial court by inquiries of the witnesses and in its order strived to protect the child's interests. The statute, however, allows no discretion and whether we agree with it, we are obligated to follow it. A guardian ad litem should have been appointed for the ·child.

The judgment is reversed and the cause remanded for the appointment of a guardian ad litem for the child and thereafter for further proceedings.

MAUS, P.J., and CROW, J., concur.