**William Harold GILMAN, Respondent,**

v.

**Billie Sue GILMAN, Appellant.**

**No. WD 46073.**

Missouri Court of Appeals,
Western District.

March 9, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1993.

Pamela Lambert, Columbia, for appellant.

Diane Garber, Fulton, for respondent.

Before BERREY, P.J., and ULRICH and SMART, JJ.

SMART, Judge.

Billie Sue Gilman ("Wife") appeals from the trial court's decision to place custody of the couple's minor son with William Gilman ("Husband"), respondent. She contends that the trial court's decision was erroneous for the following reasons: 1) a guard-

ian ad litem should have been appointed because there were allegations of neglect and abuse; 2) the trial court's decision was against the weight of the evidence; and 3) the trial court misstated the law.

Judgment is affirmed.

The Gilmans were married on June 21, 1986 in Fulton, Missouri. The parties had one child during the marriage, Bradley William Gilman, born on March 26, 1988. The parties separated on October 5, 1990 and the marriage was finally dissolved on December 2, 1991.

The dissolution action was set for hearing on five different dates. On August 8, 1991, evidence was presented, but due to time limitations the evidence was not completed. On November 21, 1991, the parties agreed to waive their rights to present further evidence, and agreed to submit the case to the trial judge for decision at that time. The trial judge subsequently entered an order awarding custody of the minor child to Husband subject to reasonable visitation by Wife. Wife appeals from the custody award and the denial of her motion for new trial.

### Guardian Ad Litem

■ Wife contends in her first point on appeal that the trial court erred because no guardian ad litem was appointed for the minor child. Wife claims that appointment of a guardian ad litem is mandated by § 452.423.1. Generally, the appointment of a guardian ad litem is discretionary with the trial court. *Plunkett v. Aubuchon*, 793 S.W.2d 554, 560 (Mo.App.1990). However, this section requires the appointment of a guardian ad litem if there is any allegation of abuse or neglect in any child custody proceeding. *McCormick v. McCormick*, 807 S.W.2d 556, 557 (Mo.App. 1991). Section 452.423.1 provides in pertinent part:

In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. *The court shall appoint a guardian ad*

*litem in any proceeding in which child abuse or neglect is alleged.*

(Emphasis added). Error results if the trial court fails to appoint a guardian ad litem in such an instance even if no request has been made by the parties. *McCormick*, 807 S.W.2d at 557.

■ Although the pleadings of the parties did not allege abuse or neglect, Wife claims that the record was replete with evidentiary allegations of abuse and neglect. She claims that Husband made many allegations against Wife constituting neglect when he presented numerous witnesses to testify about her very poor housekeeping habits. Testimony and pictures of the trailer in which they resided before separation were admitted as exhibits, showing clothes covering the floors of the living room and the bedrooms. The kitchen was depicted as a mess with uneaten food left out on the counters, trash in various locations, and paper products left on top of the stove. Wife denied any allegation of her poor housekeeping throughout the dissolution proceeding and challenged the authenticity of the photographs depicting the family home in disarray. The very allegations of poor housekeeping which she vehemently denied at trial she now claims mandated the trial court to appoint a guardian ad litem.

■ No allegation of neglect was articulated in any of the pleadings or motions contained in the record of this dissolution proceeding.[1] This evidence of poor housekeeping was not presented by Husband as evidence of neglect of Bradley by Wife. The evidence was presented to show that Wife was a poor housekeeper and that Husband would be a better custodial parent for Bradley because he is a better housekeeper. We hold that this evidence does not constitute an allegation of neglect within the meaning of § 452.423.1.

■ Next, Wife contends that the record contained allegations of abuse of Bradley by Husband stemming from his previous alcohol and drug usage. Husband admitted that he did have a drug problem with

1. In Wife's new trial motion, she claims that testimony could have been presented by her

daughter, Brandy, and Bradley's babysitter showing Husband had abused Bradley. No

cocaine before the couple was married. However, both parties agree that Wife was instrumental in helping Husband overcome this problem prior to the marriage. This contention cannot support an allegation of abuse toward Bradley, who was not yet born.

Husband also admitted that he had an alcohol problem during the parties' marriage. Husband presented evidence that he has overcome this problem through chemical dependency treatment and therapy. The record also contains no evidence that the alcohol problem resulted in any abuse toward Bradley.

Wife also contends the record shows an allegation of "abuse of other children as well as the parties' minor child." She refers to an incident which she testified occurred one evening when Husband came home drunk while Wife was watching her children and her nephews. Wife describes the incident in her testimony as follows:

> I took care of my nephews for my sister. They got off the school bus with Brandy [Wife's daughter by another marriage] because she was in nursing school, so they got off the bus with Brandy. She called, was at home, wanted me to bring the kids home to her. Billy come home. He had been drinking. I got the, went to get the kids in the car to take them home. He got mad. He had a beer in his hand. He threw the beer all over the car. He tried to shut the door on my nephew's legs as he was getting in the car. He told me that he would keep me from going anywhere. He grabbed the steering wheel, tried to jerk it out of the car. The steering wheel is loose in the car from it. He then grabbed me by the throat, threw me up against the trailer, drew his arm back to hit me, and then all of a sudden he said, "I just screwed up. I know I screwed up."

> . . . . .

> He had taken the van and pulled it right up onto the back of the car because I told

the kids, "I don't know what he's going to do. Get your seat belts on." And those four kids put those seat belts on faster than any four kids you could see in your life. Bradley was sitting in the front seat of the car screaming, "My daddy hit my mom."

Wife claims that this event constituted an allegation of abuse of Bradley. While the incident described, if true, is certainly an item for the consideration of the trial court on the issue of the proper custodial parent, we conclude that this testimony does not constitute an allegation of abuse requiring the appointment of a guardian ad litem. Throughout Wife's testimony she describes incidents of fighting between the two parties. They are similar to this event in that Husband's anger is directed at Wife and not Bradley. It is truly unfortunate for any child to witness parents battling with one another. However, the parties and their attorneys did not consider these items to constitute instances of abuse or neglect at the hearing, and did not denominate them as such. The behavior described above does not constitute the abuse contemplated in § 452.423.1, and we hold that the trial court did not err in failing to appoint a guardian ad litem *sua sponte* in this case. It is not realistic to assert that a trial court must regard every item bearing on the fitness of a parent as constituting abuse or neglect. The record does not mandate appointment of a guardian ad litem. *See also Plunkett*, 793 S.W.2d at 554; *T.C.H. v. K.M.H.*, 784 S.W.2d 281, 286 (Mo.App.1989). Point I is denied.

### Sufficiency of the Evidence

Wife argues in her second point on appeal that the trial court erred because its decision was against the weight of the evidence. Wife claims that the evidence produced at trial showed that Husband abused alcohol and drugs, had a violent temper, and had abused the minor child, while the only evidence against Wife was that she was a poor housekeeper.

such evidence was presented at trial. Since there was no contention this was newly discovered evidence, the trial court was not required to consider this as an allegation of abuse within § 452.423.1. Generally, allegations of abuse raised after the judgment do not require that the

judgment be set aside. Any other rule would threaten the stability of judgments, and would encourage parties to hold back an allegation of abuse as a trump card to be played if the trial court's ruling is adverse, in order to gain a new hearing.

Appellate review of this action is governed by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), which require the trial court's judgment to be affirmed unless it is against the weight of the evidence, erroneously declares the law, or erroneously applies the law. The trial court has the unique opportunity to view the witnesses in person as they testify and is therefore in a better position to assess the credibility of the witnesses than an appellate court, which can only view the witnesses through the cold pages of the transcript. Therefore, the trial court assesses the credibility of the witnesses and determines the weight to be given their testimony. *In re Marriage of Melton*, 816 S.W.2d 232, 239 (Mo. App.1991). Additionally, the trial court is free to believe all, part or none of any witness' testimony. *Id.*

Wife testified against Husband claiming he had drug and alcohol problems and had a violent temper. However, Husband's witnesses contradicted Wife's testimony, each one testifying as to his current state of well-being and his strong relationship with his son. The evidence presented was for the trial court to consider and give such weight as was appropriate. Husband's evidence as to Wife's deficiencies was also contradicted by her testimony. The trial court had the opportunity to assess the credibility of both Husband and Wife in this proceeding as they testified. After doing so, the trial court found that the best interests of Bradley would be served in the primary custody of his father. This court finds that the trial court's custody determination is not against the weight of the evidence. Point II is denied.

### Motion for New Trial

Wife's final point on appeal is that the trial court abused its discretion and misstated the law because it ruled Wife's motion for new trial did not qualify for a new trial because her complaint concerning the trial was as to the adequacy of her attorney's performance.

The trial court denied Wife's motion for new trial because it found that both Wife and her attorney were aware of the evidence which Wife claimed could and should have been presented at her dissolution hearing. The trial court determined that a conscious choice was made not to present the evidence. The trial judge refused to grant Wife a new trial because she had already had an opportunity to present the evidence and he did not believe she should be entitled to another "bite of the apple" when she had no newly discovered evidence to present and she had not shown any other basis for a new trial. The trial court's comments that her remedies were in a "malpractice action" were made simply in the discussion of her available remedies. These remarks do not constitute a ruling on the law subject to challenge on appeal. Nor do the remarks show that the trial judge believed the result of the case should have been different from the actual result. The trial judge was simply deflecting the argument that Wife was entitled to a new trial. Broad discretion is vested in the trial court in ruling on motions for new trial. *Wiedower v. ACF Indus., Inc.*, 763 S.W.2d 333, 336 (Mo.App.1988). Accordingly, we hold that the trial court did not abuse its discretion in denying Wife's motion for new trial.

Wife's argument that she should have been granted a new trial because of ineffective assistance of trial counsel is not supported by any persuasive authority. There is no statutory or constitutional right in civil cases to effective assistance of counsel. *Christiansen v. Missouri State Bd. of Accountancy*, 764 S.W.2d 952, 954 (Mo.App.1988). This court in *Christiansen* stated that "civil litigants who claim counsel was incompetent or ineffective have no claim of right to a new trial or other relief from the court on that basis and are left to seek redress against such counsel for malpractice." *Id.* Wife argues that cases involving custody are different from other civil cases. She notes that § 211.211.4, RSMo Supp.1991 grants indigent parents a right to counsel in juvenile proceedings which frequently involve custody and that therefore, it follows that a custody proceeding is one in which a claim of ineffective assistance of counsel should entitle the party to a new trial. This court does not find this argument persuasive. This case does

not involve a request by an indigent parent for appointed counsel. It involves a claim of entitlement to a new trial based on her own retained counsel's performance. The truth is that almost every lawyer could do a better job the second time around. That does not mean the first trial is unfair. Due process requires only a fair opportunity to each side. Each side in this case had a fair opportunity. Point III is denied.

All concur.