**Marie B. MUELLER, Appellant,**

v.

**Donn W. MUELLER, Respondent.**

No. 42413.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 25, 1982.

James J. Raymond, St. Louis, for appellant.

Bernard Edelman, Clayton, for respondent.

SNYDER, Judge.

This is an appeal from a judgment dismissing a civil action because the trial court lacked jurisdiction to proceed for want of a real party plaintiff in interest. Appellant, through her guardian ad litem, James J. Raymond, brought a civil action against respondent for fraudulent conveyance of certain real and personal property of appellant. The trial court dismissed the suit after determining the guardian ad litem was improperly appointed. The judgment is reversed and the cause remanded for trial.

On September 11, 1975 St. Louis County Circuit Judge Robert Lee Campbell, without a hearing, appointed Raymond to be appellant's guardian ad litem to institute this action. Judge Campbell had appointed Raymond in 1973 to be appellant's guardian ad litem in a different matter.

On October 11, 1975 appellant, through her guardian ad litem, instituted this action. Appellant alleged that respondent, immediately prior to the parties' divorce, fraudulently conveyed appellant's interest in the parties' home and car to respondent's mother. Respondent did not challenge the appointment of Raymond as guardian ad litem either in his answer or by motion prior to his answer.

On September 29, 1977, two years later, respondent moved to dismiss or in the alternative to set aside the appointment of the guardian ad litem. Respondent claimed a hearing was required before the court could appoint a guardian ad litem. The motion was denied.

Respondent renewed the 1977 motion at the beginning of trial on December 12, 1979. The court denied the motion again. The court, however, determined that plaintiff-appellant, through her guardian ad litem, would have to establish appellant's incompetency as an issue of the case. The trial court then found the guardian ad litem failed to establish appellant's incompetency and dismissed the case for lack of jurisdiction.

The sole issue in this case is whether the guardian ad litem's capacity to sue is a jurisdictional issue. The trial court based its dismissal on its finding "that it lacks jurisdiction to proceed for lack of a real party plaintiff in interest."

Respondent's motion to dismiss could not have been the basis of the dismissal because the court specifically denied the motion. Furthermore, even if the guardian ad litem's alleged lack of capacity had been a

jurisdictional issue, respondent waived this defense when he failed to raise it in or before his first responsive pleading. Rule 55.27(g); *State ex rel. Allen v. Barker*, 581 S.W.2d 818, 828[18, 19] (Mo.banc 1979).

The trial court, however, erred in finding the guardian ad litem's capacity to sue to be jurisdictional. "The question of the capacity of a party to sue does not go to the jurisdiction of the court to try the case, but is a question of procedure, pure and simple, . . . ." *Crowl v. American Linseed Co.*, 255 Mo. 305, 164 S.W. 618, 625[1] (1914); *accord, State ex rel Paden v. Carrel*, 597 S.W.2d 167, 173[2] (Mo.App.1979); *Sigman v. Rubeling*, 271 S.W.2d 252, 255[4–6] (Mo.App. 1954).

Appellant's incompetency was determined by Judge Campbell when he appointed Raymond. Any alleged imperfection in Judge Campbell's determination is a procedural issue [1] and does not divest the trial court of jurisdiction over the cause of action. Raymond is not a volunteer or intermeddler. Mrs. Mueller, the real party in interest, is before the court through him. Any benefits from the action will accrue directly to her or her beneficiaries.

The judgment is reversed and the cause remanded.

REINHARD, P. J., and CRIST, J., concur.

---

1. This court does not address the issue of whether the court must hold a hearing before appointing a guardian ad litem.