**Danny B. PETIFURD, Respondent,**

v.

**Deborah Jean PETIFURD, Appellant.**

**No. WD 56413.**

Missouri Court of Appeals,
Western District.

Sept. 14, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 1999.

---

Roy W. Brown, Kearney, for respondent.

Alexandria Zylstra, Kansas City, for appellant.

Before: EDWIN H. SMITH, P.J., HOWARD, J., and TURNAGE, Senior Judge.

VICTOR C. HOWARD, Judge.

Deborah Jean Petifurd appeals from the trial court's judgment of dissolution granting sole custody of the parties' two minor children to Danny B. Petifurd. Deborah raises six points on appeal. She contends the trial court erred in 1) ruling evidence of Danny's abuse of a one-year-old child inadmissible; 2) giving Danny custody of the two minor children, because the ruling was against the weight of the evidence and not supported by substantial evidence; 3) failing to appoint a guardian ad litem for the minor children, because the pleadings alleged abuse of children other than those involved in the case at bar; 4) failing to appoint a guardian ad litem for the minor children, because the evidence presented at the hearing concerning Danny's neglect of one of the minor children in this case mandated appointment of a guardian; 5) awarding the parents joint legal custody of the minor children; and 6) failing to enter written findings as to whether domestic violence had occurred, and awarding custody to Danny without making specific findings of fact and conclusions of law to show that the arrangement best protects the children.

We reverse and remand.

### Facts

A brief synopsis of the facts is given here. The facts will be further developed as warranted in the argument. Danny and Deborah Petifurd were married on February 14, 1994. Two children were born of the marriage, D.R.P., born October 23, 1994, and A.C.P., born August 22, 1996.

On September 11, 1997, Danny filed a petition for dissolution of marriage. On October 28, 1997, Deborah filed an answer and cross-petition for dissolution. On May 12, 1998, Deborah filed a motion to appoint

guardian ad litem based on four alleged incidents of physical abuse by Danny. At the pre-trial conference on May 18, 1998, Commissioner Michael W. Walker denied the request for appointment of a guardian ad litem. Deborah's attorney renewed the motion at the trial on June 9, 1998, and Commissioner Walker again denied the motion.

On August 6, 1998, the court awarded joint legal custody of the minor children, with primary physical custody to Danny. This appeal followed.

### Standard of Review

We will affirm an award of child custody unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Chapin v. Chapin,* 985 S.W.2d 897, 900 (Mo.App. W.D.1999). Because the trial court has broad discretion in child custody matters, we will affirm its decision unless we are firmly convinced that the welfare and best interests of the child requires otherwise. *Id.* Greater deference is given to the trial court in child custody cases than in other types of civil cases. *Id.*

### Argument

Because we find that Deborah's third point on appeal is dispositive, we do not address her other points on appeal. In her third point on appeal, Deborah contends that the trial court erred in failing to appoint a guardian ad litem for the minor children under the discretionary prong of § 452.423.1 RSMo 1994.[1]

Section 452.423.1 provides as follows:

In all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a guardian ad litem. The court shall appoint a guardian ad litem in any proceeding in which child abuse or neglect is alleged.

The discretionary prong of § 452.423.1 is the first sentence of the statute. We review a trial court's failure to appoint a guardian ad litem under the discretionary prong of the statute for abuse of discretion. *See Chapin,* 985 S.W.2d at 901; *S.K.B. v. J.C.B.,* 867 S.W.2d 651, 658 (Mo.App. W.D.1993).

This court has found that § 452.423 provides for the appointment of a guardian ad litem in any contested custody proceeding if the totality of circumstances warrants it. *S.K.B. v. J.C.B.,* 867 S.W.2d at 657. The overriding duty of the trial court is to serve the best interests of the child. *Id.* The purpose of a guardian ad litem is to insure that the child's interests are adequately represented and protected. *Id.*

We find that under the circumstances of this case, the trial court erred in failing to appoint a guardian ad litem for the two minor children. Deborah's motion to appoint a guardian ad litem alleged the following: 1) Danny was convicted of felony assault in a 1991 incident in which a one-year-old boy was murdered after suffering bite marks to his hands and toes; 2) Danny was accused in a separate incident of assaulting the murdered boy's three-year-old sister by striking her in the head with a frying skillet and fracturing her skull; 3) Danny was accused of beating his teenage brother in the head with a baseball bat in 1987; and 4) Danny has a violent history of abuse against Deborah. The motion stated that due to Danny's alleged history of violent physical abuse, Deborah believed that the potential of serious abuse to the minor children in the present case existed, and that it would be in the best interests of the minor children that a guardian ad litem be appointed to protect their interests and complete a full investigation before issues of custody and visitation are determined.

Given the young ages of the children involved in this case and the extremely

---

1. All statutory references are to RSMo 1994.

violent nature of the abuse allegations in the motion to appoint guardian ad litem, including but not limited to the allegation that Danny had been convicted of felony assault on a one-year-old child, we find that the trial court erred in not appointing a guardian ad litem to protect the interests of the two children involved in this case.

The judgment of the trial court is reversed and the cause remanded for a new trial with respect to custody of the children after appointment of a guardian ad litem for the children.

All concur.