348 S.W.3d 778 (2011)
In re the matter of R.A.D., a minor child, by her next friend, T.L.D.,
T.L.D., Respondent,
v.
A.L.P., Appellant.
No. SD 31032.
Missouri Court of Appeals, Southern District, Division Two.
August 16, 2011.
*779 James R. Sharp, Sharp & Bredesen, Springfield, MO, for Appellant.
Richard D. Winders, Kirksey Law Firm, L.L.C., Bolivar, MO, for Respondent.
ROBERT S. BARNEY, Judge.
Appellant A.L.P. ("Mother") appeals the "JUDGMENT AND ORDER OF PATERNITY, CUSTODY, VISITATION AND CHILD SUPPORT" entered by the trial court which found, in part, that Respondent T.L.D. ("Father") was the biological father of R.A.D. ("Child"). In her two points relied on Mother challenges the trial court's denial of her request to appoint a Guardian ad Litem ("GAL") to represent Child in this matter. The judgment of the trial court is affirmed.
Viewing the evidence in the light most favorable to the trial court's judgment, Nevins v. Green, 317 S.W.3d 691, 695 (Mo. App.2010), the record reveals that Mother was nineteen years old and Father was twenty years old when they started dating. Within several months they moved in together and shortly thereafter Mother discovered she was pregnant. In May of 2008 Child was born and in December of 2008 the parties became engaged. Following a period of acrimony between the parties, Mother broke off the engagement on February 1, 2010, but apparently continued to reside part-time with Father for several weeks. Father then filed his "PETITION FOR DECLARATION OF PATERNITY, CUSTODY, AND SUPPORT" as well as a "MOTION FOR TEMPORARY CUSTODY."
On March 5, 2010, Mother filed her "MOTION FOR APPOINTMENT OF [GAL]" in which she urged that "[i]ssues have arisen with regard to [Father] of such a substantial nature that the appointment of a[GAL] is in the best interest and welfare [of Child]...." Mother then filed her "COUNTER-PETITION FOR DETERMINATION *780 OF FATHER-CHILD RELATIONSHIP, JUDGMENT OF CHILD CUSTODY, CHILD SUPPORT, AND FOR BIRTH EXPENSES AND SUPPORT." Thereafter, Father filed his "PETITION FOR APPOINTMENT OF NEXT FRIEND" and this request was granted by the trial court. Father also filed an amended petition which included a caption denoting his status as "next friend" of Child.
Mother's motion for the appointment of a GAL was denied on July 19, 2010, and a trial in this matter was held on October 20 and 21, 2010. Following trial, the trial court entered its judgment which found, in part, that Father was Child's biological father; that the parties were to share "joint legal and physical custody of [Child] with [Father's] address being designated the address of [Child] for educational, mailing and related purposes, subject to the frequent and meaningful parenting time [with Mother];" and ordered Mother to pay Father $125.00 in child support per month. Mother then filed a motion to amend the judgment, or in the alternative, to set the judgment aside for a new trial. This request was denied by the trial court. This appeal by Mother followed.
This Court affirms a trial court's award of paternity and child custody "unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Petifurd v. Petifurd, 22 S.W.3d 703, 705 (Mo.App.1999). In that the trial court has broad discretion in such matters, this Court "will affirm its decision unless we are firmly convinced that the welfare and best interests of the child requires otherwise." Id. "The appellate court defers to the trial court's determinations of credibility and views the evidence and reasonable inferences drawn therefrom in the light most favorable to the judgment." Nevins, 317 S.W.3d at 695.
In her first point relied on Mother maintains the trial court erred in "not appointing a[GAL] to protect the best interest of [Child] because its failure to do so misapplied the law...." Specifically, Mother argues that
while the trial court did appoint Father as the next friend of [Child], [Father] had not yet been found to be the father of [Child], did not have legal or physical custody of [Child], or had been declared to be the presumed father of [Child], and therefore could not be appointed a `next friend' of [Child] under [section 210.830] and ... Rule 52.02; there was no finding by the trial court that [Child's] interests had been adequately protected by the existing parties to the case; and, as a result of this error, [Child] was not properly made a party to this action as required by the Uniform Parentage Act [("UPA")] and the trial court did not have jurisdiction to enter its paternity, custody, and child support judgment.[1]
"[T]he [UPA] is not the exclusive method for determining parentage in Missouri. Any recognized statutory or equitable proceedings not conformed to the UPA are still viable alternatives." White v. White, 293 S.W.3d 1, 13 (Mo.App.2009). However, the UPA is the applicable method for establishing paternity in this matter. Section 210.830 requires that in a paternity action the child who is the subject of the litigation "shall be made a party..." to the action. Section 210.830 goes on to state in pertinent part:

*781 [i]f he is a minor, he may be represented by a next friend appointed for him for any such action. The child's mother or father or the division of child support enforcement or any person having physical or legal custody of the child may represent him as his next friend. A[GAL] shall be appointed for the child only if child abuse or neglect is alleged, or if the child is named as a defendant, or if the court determines that the interests of the child and his next friend are in conflict.[[2]]
Here, Father petitioned the trial court to be named as Child's next friend, an order was entered granting that request, and Father then filed his amended petition on behalf of Child. Mother, nevertheless, asserts that a "jurisdiction[al]" issue prevented the trial court from properly entering judgment in this matter. Mother argues that Father was not qualified to be appointed as next friend of Child because at the time of the appointment he had not yet been adjudicated to be Child's biological father under the UPA and was merely Child's putative father,[3] therefore Child was not properly joined as a party to the matter.
At the outset we note that Mother's jurisdictional argument fails due to the Supreme Court of Missouri's decision in J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009), and the germane cases which followed it. As set out in J.C.W., 275 S.W.3d at 252,
Missouri courts recognize two kinds of jurisdiction: subject matter jurisdiction and personal jurisdiction. These two kinds of jurisdictionand there are only two for the circuit courtsare based upon constitutional principles. Personal jurisdiction is, for the most part, a matter of federal constitutional law. Subject matter jurisdiction is governed by article V of the Missouri Constitution.
As personal jurisdiction is not an issue in the present matter and this case is clearly a civil case upon which the trial court had subject matter jurisdiction, Mother's jurisdictional challenge fails. See Hightower v. Myers, 304 S.W.3d 727, 734 (Mo. banc 2010) (holding that "subject matter jurisdiction is established by the Missouri Constitution and cannot be removed by statutory provisions" such as the UPA).
With that being said, if we disregard Mother's ill-founded jurisdictional assertion, we are left with the substance of her complaintnamely that Father was not qualified to be Child's next friend as he had yet to be adjudicated Child's biological father at the time of his appointment. While Mother cites to A.M.C.B. v. Cox, 292 S.W.3d 428, 432 (Mo.App.2009), in support of her contention, the facts in the present matter are readily distinguishable from that case in that in A.M.C.B. the trial court failed to appoint a next friend or guardian which was reversible error, absent any showing that the child's interests were otherwise adequately protected. Id. at 432. In the instant matter, however, the trial court appointed Father as next friend in conformance with the UPA's requirements.
Furthermore, it is clear that the term "father" is not defined within any of the provisions of the UPA. "`Words used by the legislature have the meaning by which *782 they are commonly understood unless otherwise defined in the law.'" Laubinger v. Laubinger, 5 S.W.3d 166, 180 (Mo.App. 1999) (quoting Garland v. Dir. of Revenue, 961 S.W.2d 824, 827 (Mo. banc 1998)). As "father" is not defined in the UPA, "it is appropriate to turn to the dictionary for a definition." Id. Black's Law Dictionary, Eighth Edition, defines "father" at page 640 as "[a] male parent" and it defines a "parent" at page 1144 as:
[t]he lawful father or mother of someone. In ordinary usage, the term denotes more than responsibility for conception and birth. The term commonly includes (1) either the natural father or the natural mother of a child, (2) the adoptive father or adoptive mother of a child, [and] (3) a child's putative blood parent who has expressly acknowledged paternity....
Father clearly fits this definition as he is listed on Child's birth certificate and is the putative biological father of Child, as admitted by Mother.
Additionally, even if we did not resort to a dictionary definition of "father," we are mindful that while section 210.830 gives a specific list of persons qualified to be appointed as next friend, Rule 52.02(a), the rule generally regarding "Civil Actions By and Against Minors ...," does not. Rule 52.02(a) provides that "[c]ivil actions by minors may be commenced and prosecuted only by a duly appointed guardian of such minor or, if there is no such guardian, by a next friend appointed in such civil action...." "The Rules of Civil Procedure supercede all statutes which are inconsistent with them" and "[w]hen there is a conflict between the rules and statutes affecting procedural rights, the rule prevails." S.J.V. by Blank v. Voshage, 860 S.W.2d 802, 804 (Mo.App.1993). Assuming arguendo that Father did not fall within the dictionary definitions set out above, Rule 52.02(a) appears to permit any interested party to seek appointment as the next friend of a minor regardless of familial relationship. Thus, Father's appointment was proper for this reason, as well. The trial court did not abuse its discretion in appointing Father to be Child's next friend. Point I is denied.
In her second point relied on Mother asserts the trial court erred and abused its discretion "in not appointing a[GAL] for [Child]" because
the actions and allegations of the parties before trial, and particularly at trial, demonstrated such a pattern of irresponsible and reckless behavior on the part of the parents, including evidence of drug use, recklessness with firearms, and threats of violence, that the only way for [Child's] best interests to have been adequately protected was to have a[GAL] appointed for her.
Section 452.423.1 provides in pertinent part:
[i]n all proceedings for child custody or for dissolution of marriage or legal separation where custody, visitation, or support of a child is a contested issue, the court may appoint a[GAL]. The court shall appoint a[GAL] in any proceeding in which child abuse or neglect is alleged.
Similarly, as set out above, in paternity actions, section 210.830 provides that "a [GAL] shall be appointed for the child only if child abuse or neglect is alleged, or if the child is named as a defendant, or if the court determines that the interests of the child and his next friend are in conflict."
"Generally, the appointment of a[GAL] is discretionary with the trial court." Gilman v. Gilman, 851 S.W.2d 15, 17 (Mo.App.1993); see Plunkett v. Aubuchon, 793 S.W.2d 554, 560 (Mo.App.1990). "However, [the statutes at issue] require[ ] the appointment of a[GAL] if there is any *783 allegation of abuse or neglect in any child custody proceeding." Gilman, 851 S.W.2d at 17; see McCormick v. McCormick, 807 S.W.2d 556, 557 (Mo.App.1991). "Mandatory appointment of a[GAL] is not intended to benefit either of the parties.... Instead, the legislature enacted [provisions] to protect children who may have been abused or neglected." Rombach v. Rombach, 867 S.W.2d 500, 503 (Mo. banc 1993) (internal citation omitted). "Error results if the trial court fails to appoint a[GAL] in such an instance even if no request has been made by the parties." Gilman, 851 S.W.2d at 17.
While neither Father's amended petition nor Mother's counter-petition contained any allegations that could be construed as abuse and neglect assertions, there were several references in motions as to allegations of disconcerting information as to both parties. In his temporary custody motion, Father alleged, inter alia, that Mother denied him contact with Child; that a member of Mother's family "threatened to kill [Father] ...;" and that Mother is "unstable and her actions are detrimental to [Child's] best interest" such that Father should be awarded temporary custody of Child. Mother alleged in her motion for appointment of GAL that Father "has made abuse and neglect allegations against [Mother] ...;" Father "has loaded firearms in his home within [Child's] reach;" Father "carries a loaded firearm when drinking alcohol;" and Father "does not change [Child's] diapers or play with [Child]." Further, at trial, there were references to drug use by both parties; testimony that both parties kept Child from seeing the other parent; that Mother went to bars and left Child in Father's care; that both parties were known to drink alcohol; that verbal altercations had occurred between the parties; and that there had been instances of stalking and threats involving the parties as well as their family members.[4] As best we discern the record, however, neither party specifically accused the other of abusing or neglecting Child.
[While] [t]he term neglect is not defined in chapter 452 ..., we are guided by the definition in chapter 210, the chapter governing child protection and reformation. Neglect is defined [in section 210.110.8] as failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being.
McArthur v. McArthur, 982 S.W.2d 755, 756 (Mo.App.1998) (internal citations and quotations omitted). "Neglect has not been narrowly defined" and we are mindful that "it is the allegation of neglect, not proof of the same, which requires the appointment of a[GAL] for the minor child." Id. at 456-57. Here, the only allegation that could even slightly hint at an accusation of neglect was Mother's assertion that Father failed to change Child's diapers when necessary. See Downing v. Howe, 60 S.W.3d 646, 650 (Mo.App.2001) (holding that section 452.423.1 is not triggered by allegations of alcohol abuse unconnected to any direct allegation that the parent abused or neglected the children). We hold that the allegations and evidence in the present matter do not constitute neglect within the meaning of sections 452.423.1 and 210.830. Gilman, 851 S.W.2d at 18.
*784 Further, there are no allegations in the record that either party abused Child. In Castaneda v. Castaneda, 121 S.W.3d 324, 326 (Mo.App.2003), the Western District of this Court turned to section 210.110(1) for the definition of abuse in terms of sections 452.423.1 and 210.830. Section 210.110(1) defines abuse as "any physical injury, sexual abuse, or emotional abuse inflicted on a child other than by accidental means by those responsible for the child's care, custody, and control, except that discipline including spanking, administered in a reasonable manner, shall not be construed to be abuse." See Rombach, 867 S.W.2d at 504. While some of the incidents and situations described in this case are certainly items for the trial court to consider in determining the custody of Child, it appears to this Court that the "behavior described above does not constitute the abuse [or neglect] contemplated in section 452.243.1." Gilman, 851 S.W.2d at 18. "It is not realistic to assert that a trial court must regard every item bearing on the fitness of a parent as constituting abuse or neglect." Id. Accordingly, we conclude that there is nothing in the record constituting an allegation of abuse of Child requiring the appointment of a GAL. See Gilman, 851 S.W.2d at 18. The trial court did not abuse its discretion in denying Mother's request to appoint a GAL. Point II is denied.
The judgment of the trial court is affirmed.
BATES and SCOTT, JJ., concurs.
NOTES
[1] All statutory references are to RSMo 2000, unless otherwise stated. All rule references are to Missouri Court Rules (2010).
[2] "The function and powers of a next friend and a[GAL] are different. The next friend normally prosecutes actions and a[GAL] defends actions." State ex rel. Dept. of Social Servs., Div. of Child Support Enforcement v. Kobusch, 908 S.W.2d 383, 385 (Mo.App. 1995).
[3] There appear to be no allegations or evidence in the record that Mother believed Father was not the biological Father of Child or that there were other potential biological fathers of Child.
[4] While "the trigger for mandatory appointment of a guardian is "an allegation of child abuse expressly stated in a pleading and not the mere introduction of evidence at trial," we shall consider the testimony adduced at trial as it was admitted without objection. Rombach, 867 S.W.2d at 503-05; see Mills v. Mills, 939 S.W.2d 72, 74 (Mo.App.1997).