**In re E.A.K., by her next friend R.L.K.**

**R.L.K., Respondent,**

v.

**T.S.A.A.–C, Appellant.**

**No. SD 30936.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 2011.

James R. Sharp, Sharp & Bredesen, Springfield, for appellant.

Ann R. Littell Mills, Courtney & Mills, LLC, Springfield, for respondent.

Before SCOTT, C.J., RAHMEYER, P.J., and BATES, J.

### PER CURIAM.

T.S.A.A.–C. ("Mother") unsuccessfully moved to set aside a default judgment which, in part, declared R.L.K. ("Father") to be the father of E.A.K. ("Child"). Mother appeals, arguing that the trial court lacked jurisdiction to enter the judgment and thus erred in refusing to set it aside. We affirm.

---

## Background

The dispositive facts are not in dispute. The record indicates that Child was born to Mother and Father, who were not married. Father was named as such on Child's birth certificate, Child was given Father's last name, and the parties shared Child's care and custody for seven months before Mother took Child and left the country.

Father promptly petitioned to establish paternity, for visitation and custody rights, etc. Father moved to be, and was, appointed as Child's next friend for purposes of the action.

Despite personal service, Mother did not respond to the petition. By statute, this meant the trial court had to enter judgment by default at least as to paternity. *See* § 210.839.5.[1] The court heard evidence, took the case under advisement, and entered a judgment declaring Father's paternity, approving a parenting plan, and making orders as to child custody and support.

Ten weeks later, Mother filed a motion to modify the judgment. Nearly five months after that, with her motion to modify still pending, Mother moved to set aside the judgment for lack of personal jurisdiction over her. After a hearing, the court denied that motion. Later, Mother filed a second motion to set aside the judgment, this time alleging that Father "erroneously named himself" as Child's next friend and "was not qualified to act" as such. After another hearing, the court denied this motion as well.

This appeal involves only the last ruling. Our review is for abuse of discretion. *Brungard v. Risky's, Inc.*, 240 S.W.3d 685, 688 (Mo. banc 2007).

## Claim on Appeal

Mother challenges trial court jurisdiction to render the underlying judgment. More specifically, she argues that Father was improperly appointed as Child's next friend and, as a result, Child was not properly made a party to the paternity claim "as required by § 210.830 R.S.Mo. and Missouri Supreme Court Rule 52.02 ... and therefore the trial court did not have jurisdiction to enter" its judgment.[2]

To appreciate Mother's argument, it helps to realize that a next friend was necessary for Child to participate in the paternity claim (*see* UPA § 210.830) since she was a minor with no duly-appointed guardian. Rule 52.02(a); *S.J.V. by Blank v. Voshage*, 860 S.W.2d 802, 804 (Mo.App. 1993).[3] Failure to appoint a next friend for Child would have courted reversible error. *Id.*; *see also A.M.C.B. v. Cox*, 292 S.W.3d 428, 430–32 (Mo.App.2009).

Although Father was so appointed, Mother argues that he was not legally qualified and this is "such a jurisdictional defect" that the judgment cannot stand. Her premise is that Father was not a "father" for UPA purposes until the court declared his paternity; thus, his earlier appointment as next friend violated UPA

---

1. Statutory citations herein are to the Uniform Parentage Act, §§ 210.817–.852 RSMo ("UPA"). Rule references are to the Missouri Rules of Civil Procedure.

2. The significance of framing this claim in jurisdictional terms is that subject matter jurisdiction "may not be waived, may not be conferred by consent, and can be raised at anytime by any party," and thus offers the successful proponent a potential do-over as to claims, defenses, etc. otherwise waived or unpreserved. *See Hightower v. Myers*, 304 S.W.3d 727, 733 (Mo. banc 2010).

3. Their rights and duties are largely the same, but a next friend prosecutes a minor's claim, while a guardian ad litem (GAL) defends a minor. *S.J.V.*, 860 S.W.2d at 804.

§ 210.830; and as a result, Child was not properly a party to the case.

**Analysis**

Mother's arguments mirror those recently rejected in *In re R.A.D.*, 348 S.W.3d 778 (Mo.App. 2011), and suffer a similar fate.

Mother purports to support her argument by citing cases where no one was appointed to represent the child. *See A.M.C.B.*, 292 S.W.3d at 430, 432; *J.L. ex rel. G.L. v. C.D.*, 9 S.W.3d 733, 735 (Mo. App.2000). That was not the case here. A closer analogy is *Mueller v. Mueller*, 634 S.W.2d 578, 579 (Mo.App.1982), which deemed an allegedly defective appointment to be a procedural issue that "does not divest the trial court of jurisdiction." Per *Mueller*'s reasoning, Father was "not a volunteer or intermeddler" and Child was "before the court through him." *Id.*

Indeed, a defective appointment can hardly be jurisdictional when Rule 52.02(m) provides that even *total* failure to appoint a next friend or GAL "shall not invalidate the proceedings" if the minor's interests "were adequately protected."

At any rate, the jurisdictional view underlying Mother's theory and some of her cited cases[4] has been laid to rest by *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009) and its progeny, which recognize just two types of circuit court jurisdiction: subject matter and personal. This was a civil case, so the trial court had subject matter jurisdiction. *J.C.W.*, 275 S.W.3d at 253, 254. Personal jurisdiction is not at issue here[5] and thus ends the jurisdictional analysis. *Id.* at 254. *See also R.A.D.*, 348 S.W.3d at 780–82.

In light of *J.C.W.*, cases analyzing other uniform laws in jurisdictional terms are no longer deemed valid. *See, e.g., Hightower*, 304 S.W.3d at 732–34 (Uniform Child Custody Jurisdiction Act); *Ware v. Ware*, 337 S.W.3d 723 (Mo.App.2011)(Uniform Interstate Family Support Act). The UPA is no different, because "subject matter jurisdiction is established by the Missouri Constitution and cannot be removed by statutory provisions." *Hightower*, 304 S.W.3d at 734, *quoted in R.A.D.*, 348 S.W.3d at 781. Mother's jurisdictional challenge fails.

Mother's underlying § 210.830 theory fares no better. "Father" is not a UPA-defined term (see § 210.817) and Mother cites no case supporting her interpretation of § 210.830. Moreover, as Mother notes, next friend appointments are addressed both by that statute *and* Rule 52.02. The statute states that a father and specified others "may" act as next friend; the rule, governing civil actions by and against minors in general, has no such list.[6] There may be no conflict because "may" usually is permissive, not mandatory. If there is an inconsistency, however, Rule 52.02 controls. *See R.A.D., supra,* at 781–82; *S.J.V.*, 860 S.W.2d at 804.

**Conclusion**

Mother never suggests any prejudice to herself from Father's appointment or any conflict of interest or problem beyond her technical, non-meritorious § 210.830 complaint. In light of *R.A.D.* and its cited

---

4. *See, e.g., A.M.C.B.*, 292 S.W.3d at 432 ("the issue of whether the action complied with the UPA is jurisdictional").

5. Mother does not argue a lack of personal jurisdiction as to her, nor did she appeal the

denial of her prior motion seeking to set aside the judgment on that basis.

6. *See* Rule 52.02(b)–(d).

authorities, we reject Mother's claims on appeal and affirm the trial court's ruling.